

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-92,513-02, WR-92,513-03 AND WR-92,513-04

### EX PARTE MAX PATRICK SADLER, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W02-74191-M(A), W02-74192-M(A) AND W02-74194-M(A)
### IN THE 194TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Applicant entered open pleas of guilty in these three cases to two charges of aggravated sexual assault of a child and one charge of indecency with a child, and was sentenced to fifty years' imprisonment, thirty-five years' imprisonment, and ten years' imprisonment, to run concurrently with each other and with his twenty-year sentence for another indecency with a child charge, to which he pleaded guilty at the same time as his pleas in these three cases. Appellate counsel filed an *Anders* brief, and the Fifth Court of Appeals affirmed Applicant's convictions. *Sadler v. State*, Nos. 05-04-01814-CR, 05-04-01815-CR and 05-04-01817-CR (Tex. App. — Dallas Dec. 14, 2005) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM.

PROC. art. 11.07.

Applicant contends that appellate counsel sent a copy of the *Anders* brief to the wrong address, despite having been timely informed of Applicant's new unit of assignment. Applicant alleges that he did not receive a copy of the brief until too late to file a *pro se* response brief, and that appellate counsel did not advise him of the process for obtaining the record and filing a *pro se* response. Applicant also alleges that appellate counsel failed to advise him of his right to file a *pro se* petition for discretionary review.

Applicant has alleged facts that, if true, might entitle him to relief. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claims. Specifically, appellate counsel shall state whether he received the February 5, 2005, letter from Applicant notifying him of his change of address, and whether appellate counsel sent copies of the *Anders* brief and other communications to the correct address. Appellate counsel shall state whether he timely informed Applicant of his right to file a *pro se* response brief, and of the process for obtaining a copy of the record to review in order to prepare such a brief. Appellate counsel shall state whether he advised Applicant of his right to file a *pro se* petition for review.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or

retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first ensure that the habeas record is supplemented with copies of the appellate opinion, any communications from appellate counsel or the court of appeals notifying Applicant of his right to review the record and file a *pro se* response to counsel's *Anders* brief, any communication from appellate counsel notifying Applicant of his right to file a *pro se* petition for discretionary review, and any other relevant documents. The trial court shall make findings of fact and conclusions of law as to whether appellate counsel timely advised Applicant of his right to review the record and file a *pro se* response to counsel's *Anders* brief, and whether he timely advised Applicant that he had a right to file a *pro se* petition for discretionary review. The trial court shall also determine whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:  MAY 5, 2021
Do not publish